# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2022

Lyle W. Cayce
Clerk

No. 21-50322

In the Matter of Gabriel Investment Group, Incorporated *and* Gabriel GP, Incorporated.

*Debtors*,

Gabriel Investment Group, Incorporated,

*Appellant*,

*versus*

Texas Alcoholic Beverage Commission,

*Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-1244

Before King, Costa, and Willett, *Circuit Judges*.
Don R. Willett, *Circuit Judge*:

This Texas liquor law dispute poses a two-part question over the scope of an exemption from a general prohibition on public corporations owning package-store permits: Does Texas Alcoholic Beverage Code Section 22.16(f) "continue[] to exempt a public corporation if that corporation sells some or all its shares to a non-exempt corporation, and, if so, whether the

No. 21-50322

exempt corporation can acquire additional package store permits"?[1] We certified to the Supreme Court of Texas,[2] which swiftly and unanimously answered both parts "yes."[3]

That resolves this appeal.

Accordingly, we REVERSE the district court judgment and REMAND for proceedings consistent with this opinion.

---

[1] *Gabriel Inv. Grp., Inc. v. Tex. Alcoholic Beverage Comm'n*, No. 22-0062, 2022 WL 2183290, at *1 (Tex. June 17, 2022).

[2] *In re Gabriel Inv. Grp., Inc.*, 24 F.4th 503 (5th Cir. 2022).

[3] 2022 WL 2183290, at *1. The Court noted, though, that its answer came with some caveats. Its "analysis assum[ed] GIG will remain the same, distinct public corporation that qualified for the exemption in 1995" after it emerges from bankruptcy. *See id.* at *17 n.9. It "[did] not comment on any other scenario or on other potential changes to GIG that could interfere with its ongoing legal authority to hold package store permits." *Id.* (citation omitted).